IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00476-BNB

RICHARD OTTO HANSEN,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, Agency of the United States of America,
MR. A. JOLLY, Pueblo Unit Manager of the Florence Federal Correctional Institution
    (FCI), sued in his official and individual capacities,
MR. J. BLANK, Pueblo Unit Counselor of the Florence FCI, sued in his official and
    individual capacities,
MR. D. NELSON, Mailroom Clerk of the Florence FCI, sued in his official and individual
    capacities, and
MS. M. SIMMONS, Mailroom Clerk of the Florence FCI, sued in her official and
individual capacities,

      Defendants.

---

## ORDER TO FILE SECOND AMENDED COMPLAINT AND TO SHOW CAUSE

---

      Plaintiff Richard Otto Hansen is a prisoner in the custody of the United States

Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional

Institution in Florence, Colorado.  He filed *pro se* an amended civil rights complaint for

money damages and declaratory and injunctive relief pursuant to *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28

U.S.C. § 1331 (1993), alleging that the defendants have violated his rights under the

United States Constitution.  Mr. Hansen has been granted leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2005).

The Court must construe the amended complaint liberally because Mr. Hansen is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hansen will be ordered to file a second amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient. Mr. Hansen may not sue the BOP in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). The United States is immune from a *Bivens* claim for money damages. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987).

Mr. Hansen alleges that on January 30, 2006, the defendants violated his rights to property, to access to the courts, and to be free from retaliation by failing to return to him legal papers sent to him by a family member concerning cases he had pending in the United States Court of Appeals for the Eighth Circuit, the United States District Court for the District of Nebraska (District of Nebraska), and the Nebraska District Court. He contends that he has exhausted administrative remedies because his complaint filed in the District of Nebraska in *Hansen v. United States Marshal's Serv.*

2

*for the Dist. of Neb.*, No. 05-cv-3232 (D. Neb. Jan. 9, 2006) was dismissed for failure to state a claim, the defendant's motion to dismiss or for summary judgment was granted, Mr. Hansen's motion for temporary restraining order and preliminary injunction was denied, and judgment was entered dismissing the complaint and the action with prejudice.

Mr. Hansen fails to make factual allegations demonstrating each defendant's personal participation in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

It also appears that Mr. Hansen has failed to exhaust each of his claims through the BOP grievance system.  Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and

3

offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Hansen is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Hansen must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Hansen has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed. Mr. Hansen will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure as to his asserted claims.

Finally, Mr. Hansen is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Hansen should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

4

ORDERED that Mr. Hansen file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the United States Bureau of Prisons' three-step administrative remedy procedure.  It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hansen, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Hansen submit sufficient copies of the second amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Hansen fails to comply with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED May 25, 2006, at Denver, Colorado.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00476-BNB

Richard Otto Hansen
Reg. No. 14519-047
FCI – Florence
PO Box 6000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on____5-25-06____

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk